FANNIE YALL v. GILLHAM et al., Appellants.

Division One, March 15, 1905.

1. **STATUTE: Repeal by Implication.** Repeals by implication are not favored by law, and the general and almost universal rule is that a later general act will not be construed to repeal a prior general act unless the two are so inconsistent that they cannot stand together or be consistently reconciled. If the two can be read together without contradiction or repugnancy or absurdity or unreasonableness, both should stand.

2. ——— **Substitutionary Act.** A statute revising the whole subject-matter of a former statute and evidently intended as a substitute for it, although it contains no express words to that effect, repeals the former.

3. ———: ———: **Fire-Escapes: Same Subjects.** The act of 1901 in reference to fire-escapes from hotels and other public buildings over two stories high is not only substitutionary of prior laws on the subject, but essentially repugnant to them.

4. ———: ———: ———: **Rope Ladders.** The act of 1901 not only covers every subject embraced in the prior laws in reference to fire-escapes from hotels or lodging houses over two stories high, but regulates fire-escapes from hotels, lodging houses, theatres, opera houses, hospitals, churches, seminaries, stores, and other buildings where people congregate, and requires such fire-escape to consist of a stationary balcony with a stairway leading from the upper story to the ground, and expressly repeals all parts of other acts inconsistent therewith, and it, therefore, necessarily repeals the provisions of the prior law which required fire-escapes from hotels or lodging houses to consist of rope ladders. Besides, the act of 1901, expressly says that "no ladder fire-escapes shall hereafter be used, and the fire-escapes herein provided for shall be a stair fire-escape," etc. *Held*, that the act of 1901 prohibited the use of rope ladder fire-escapes, and that one who obeyed the law prior thereto requiring the use of rope ladders (secs. 9036 to 9045, R. S. 1899) would necessarily violate the law of 1901, and *vice versa*.

5. **NEGLIGENCE: Hotel Fire: Rope Ladder.** Where plaintiff's action for damages for the death of her husband while a boarder in defendant's lodging house or hotel which was destroyed by fire, is founded on the sole charge that rope ladder fire-escapes were not provided for the escape of persons sleeping in said hotel, she cannot recover if at the time her husband lost his life (1902) the use of a rope ladder as a fire-escape was prohibited by law, although prior to the act of 1901 a rope ladder fire-escape had been by law required to be attached to such hotel or lodging house.

6. ———: **Repeal of Law on Which Case is Founded.** Where the petition is so framed and the case so tried that plaintiff is not entitled to recover unless a certain statute is an existent law, and that statute was, before the cause of action accrued, repealed by another enactment essentially repugnant thereto, the court should sustain a demurrer to plaintiff's case, although defendant may have clearly violated the subsequent enactment.

7. ———: **Pleading: Recovery.** A party cannot state one cause of action or seek to recover for a specific act of negligence, and recover upon another cause of action or because of another act of negligence not pleaded, albeit he would have been entitled to recover if he had properly pleaded that act of negligence.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss*, Judge.

REVERSED.

*Paxson & Clark* for appellants.

(1) There is no duty under the common law upon any one to equip a building with fire-escapes. Pauley v. Gauge & Lantern Co., 131 N. Y. 90; Jones v. Granite Mills, 126 Mass. 84; Keith v. Granite Mills, 126 Mass. 90; Schmalzreid v. White, 97 Tenn. 36; 13 Am. and Eng. Ency. of Law (2 Ed.), 82. (2) Section 9036, Revised Statutes 1899, has no application to this case, and was repealed by the act of 1901. Johnson v. Snow, 102 Mo. App. 239. (a) Statutes are to be construed with reference to the common law. Endlich on Interpretation of Stat., sec. 127. A penal statute is to be construed strictly. Huies v. Railroad, 95 N. C. 434. The

same rule of strict construction applies to statutes creating rights or fixing liabilities where none would otherwise exist, and to all statutes in derogation of the common law. Wilbur v. Craine, 13 Pick. 290; Rogers v. Currier, 13 Gray 139; West v. Railroad, 63 Ill. 545; Townsend v. Wilbur, 88 Ill. 197; Williams v. Vanderbilt, 145 Ill. 238; Dean v. Railroad, 119 N. Y. 540; Sutherland on Construction of Statutes, 374. (b) The liability is several and not joint, and is imposed upon only one of the classes enumerated in the act. Schott v. Harvey, 105 Pa. St. 122. (c) The statutes and decisions of other States reviewed. Willey v. Mulleby, 78 N. Y. 310; Pauley v. Gauge & Lantern Co., 131 N. Y. 90; Gorman v. McArdle, 67 Hun 484; Huda v. Glucose Co., 154 N. Y. 474; McLaughlin v. Armfield, 58 Hun 376; Lee v. Smith, 42 Ohio St. 458; Grant v. Mill & Powder Co., 14 R. I. 380; McCulloch v. Ayer, 96 Fed. 178; Landgraf v. Kuh, 188 Ill. 484; Schott v. Harvey, 105 Pa. St. 222. (3) The petition states no cause of action, the statute upon which it is grounded having been repealed. Johnson v. Snow, 102 Mo. App. 239.

*Ernest E. Wood* for respondent.

This case was based entirely upon section 9036, Revised Statutes 1899. The act of 1901 did not repeal section 9036. It is possible that it did repeal section 9037, but under no consideration could it repeal section 9036. Section 9036 provides for life ropes; section 9037 provides for fire-escapes. The one is inside the bedchamber; the other is constructed of iron on the outside of the building itself. The act of 1901 applies only to exterior iron fire-escapes constructed on the outside wall of the hotel building. Generally there would be but one such fire-escape for a building. Section 9036 provides for life lines in each room, which, as the section states, must be so placed as to be under the control

of the lodger.   Surely an exterior fire-escape could not be under the control of the lodger.

MARSHALL, J.—This is an action to recover five thousand dollars damages for the death of the plaintiff's husband, Morris Yall, on February 9, 1902, while a boarder in the defendants' lodging-house or hotel, at Nos. 2700 and 2702 Olive street, in St. Louis, by the burning of said building.   The plaintiff recovered a judgment for five thousand dollars, and the defendants appealed.

The petition, after alleging that the plaintiff is the widow of the deceased, and that the defendants were conducting and operating a hotel or lodging-house in the said building, which was known as the Empire Hotel, and that it was more than two stories in height, and that plaintiff was a lodger therein at the time of the fire and occupied a room on the third story, which room had an outside window, alleges two specific acts of negligence on the part of the defendants, to-wit: first, a failure to furnish to each room above the second story, which had an outside window, a rope or rope ladder of sufficient length to reach the ground, of strong material and securely fastened near an outside window of each room for the escape of the lodgers therein in case of fire, and failure to provide a red light at the head of each flight of stairs, and failure to provide exterior fire-escapes as required by law; and, second, a violation of the city ordinance which requires all hotels over two stories in height and containing more than twenty rooms to have two pairs of stairs leading from the ground to the uppermost story.   At the beginning of the trial the following proceedings were had:

"Mr. Wood, counsel for plaintiff, said:   If your Honor please, I have set up common-law negligence, but we do not propose to base our case upon common-law negligence.

"By the court:   You dismiss as to that?

"By Mr. Wood:   Yes, sir; we dismiss as to that.

"By Mr. Paxson:   I make a motion to require the plaintiff to elect on which allegation he will proceed.

"By Mr. Wood:   On the first count.

"By the court:   What is the ground of negligence on which you propose to stand?

"By Mr. Wood:   We propose to stand on the ground that they did not provide a rope or rope ladder.

"By the court:   You stand on that ground alone?

"Mr. Wood:   Yes, sir.

"By Mr. Paxson:   I object to introduction of evidence on this count in this petition under that statement; it was prohibited by law to use the very appliance that he says now—

"The court (interrupting):   What law was in force at the time of this fire?

"Mr. Paxson:   The law of 1901.   Now he proposes to stand upon an act as negligence which we are prohibited by law from doing.

"The court overruled the motion, and the defendants excepted.

"Mr. Paxson:   Of course, I intend to embrace in that objection the fact that the petition states no cause of action whatever."

The court overruled this objection also, and defendants excepted.

The case made by the plaintiff is: that no ropes or fire-escapes were provided in the building; that the owners of the fee leased the property to the defendants on July 25, 1899, for a term of ten years, to be used as a hotel; that the lease prohibited the lessees from making any change or alteration in the building, and from using it for any other purpose without the consent of the owners; that all repairs deemed necessary by the lessees were to be made at the expense of the lessees, with the consent of the lessors; that the plaintiff's husband occupied the hall room on the third floor at the east end of the house; that a fire occurred in the build-

ing early in the morning of February 9, 1902, and that he was found dead in his room about two hours after the fire, having been severely burned; that originally the building was two separate residences, but that communicating doors had been cut between them on the first and second floors, but not on the third floor, and as thus changed it was used as a hotel, but that for eight months before the fire it was used only as a lodging or rooming-house; that there were three stairways leading from the first to the third stories; that the fire seemed severest in the center of the east house and worst on the third floor thereof; that the outside window of deceased's room was destroyed, but the plastering, bedding, carpet and window sashes on the inside of the room were not hurt; that there were no stairs in the rear of the east house; that plaintiff is the widow of deceased. This is a sufficient statement of the facts for the purposes of this case.

At the close of the plaintiff's case the defendants demurred to the evidence, the court overruled the demurrer, and the defendants excepted. The defendants introduced no testimony.

At the request of the plaintiff, the court gave the following instructions:

"The jury are instructed that if they believe from the evidence that the defendants were on the ninth day of February, 1902, conducting a hotel or lodging-house, and that the husband of plaintiff, Morris Yall, occupied a room therein on the third floor, and that the defendants failed to provide for the room in which Morris Yall was a lodger a rope or rope ladder for his escape in case of fire, then they should find for the plaintiff, provided they further find that Morris Yall would have escaped from the building if the rope or rope ladder had been placed there by the defendants, and provided you further find that there was no other means by which the said Morris Yall might have escaped from his room at the time of the fire.

"2.   In order to find a verdict for the plaintiff, you must believe from the evidence, among other things as set out in these instructions, that the death of Morris Yall resulted directly from the failure of the defendants to provide the said building with a rope or life line, and the burden of proving said fact is upon the plaintiff, to establish the truth thereof by a preponderance or greater weight of the testimony."

## I.

The case was tried in the circuit court upon the sole theory that it was the duty of the defendants to equip each room in the house that had an outside window, with a rope or rope ladder, of sufficient length to reach the ground, and of sufficient strength, and that the defendants neglected so to do.

The chief contention of the defendants is that there was not only no such duty resting upon them, but that they were prohibited by law from so doing.

The solution of the question involves a construction of section 9036, Revised Statutes 1899, and the act of March 27, 1901 (Laws 1901, p. 219).

Section 9036, Revised Statutes 1899, is the first section of chapter 146, entitled, "Public Safety," and was first enacted as a law by the act of May 2, 1877. [Laws 1877, p. 326.] The act of 1877 contained ten sections. At the same session the General Assembly passed an act entitled, "An Act providing for personal safety from fire in places of public amusements." [Laws 1877, p. 328, approved April 27, 1877.]   Prior thereto the General Assembly had passed the act of 1872, approved March 9, 1872, relating to the security of persons in public buildings and other places of public resort (Laws 1871-2, p. 55), and had passed the act of March 17, 1873 (Laws 1873, p. 92) prescribing the qualifications of engineers of stationary engines and boilers.

These several acts were put together in the Revis-

ion of 1879, and formed into chapter 142. The act of May 2, 1877, was put into that chapter as sections 6619 to 6626 inclusive. The act of 1873 was made sections 6627 and 6628, and the act of April 27, 1877, was made sections 6629 to 6632 inclusive, and the act of March 9, 1872, was made sections 6633 and 6634.

In the Revision of 1889, the act of May 2, 1877, became sections 7372, 7373, 7375, 7376 (amended) 7378, 7379, 7380 and 7381, and two new sections were enacted, which do not affect the points involved in this case, and the acts of April 27, 1877, March 9, 1872, and March 17, 1873, were re-enacted without change.

In the Revision of 1899 the law as it stood by the Revision of 1889 was re-enacted without change, and became chapter 146, Revised Statutes 1899.

Thus the law remained until 1901, when the General Assembly passed the act of March 27, 1901 (Laws 1901, p. 219). This act did not express to be an amendment of chapter 146, Revised Statutes 1899, but was a general law, and was entitled, "An act to provide for the construction and maintenance of fire-escapes for hotels, boarding and lodging-houses, schoolhouses, opera houses, theatres, music halls, factories, office buildings, church buildings, and all buildings where people congregate, and to afford the necessary escape from fire in business places and in buildings used for public and private assemblages, and schoolhouses, and to protect and preserve human life, and to repeal all acts in conflict herewith."

So far as pertinent to the present inquiry the provisions of chapter 146, and the act of 1901, are as follows:

Section 9036, Revised Statutes 1899, makes it the duty of every keeper or proprietor of every hotel or lodging-house, that is over two stories in height, to provide and securely fasten in every lodging room above the second story which has an outside window and that is used for the accommodation of guests or employees,

a rope or rope ladder, for the escape of the lodgers therein in case of fire, the rope to be one inch in diameter, securely fastened in the room as near the window as practicable, long enough to reach the ground, and so constructed as to be under the control of the lodger. In lieu of such rope, any other appliance deemed of equal or greater utility by the fire department or other city authority having control of fire regulations may be used.

Section 9037 requires every hotel or lodging-house over three stories in height, to be equipped with permanent iron balconies and stairs, etc., but as the building involved in this case was not over three stories in height, this section has no application to this case.

Section 9038 requires every public hall, opera house, hotel or other tenement building of two or more stories in height to provide a hand or side rail to each stairway.

Section 9039 requires the proprietor or keeper of every hotel or lodging-house to post notices in every room calling attention to the fact that the three preceding sections have been complied with and to the part of the room where such rope or rope ladder is fastened.

Section 9040 makes the violation of the four preceding sections a misdemeanor, punishable by a fine of not less than fifty dollars and not more than five hundred dollars.

Section 9041 makes it the duty of the chief of the fire department to inspect every such hotel and lodging-house every three months, and report all violations of the law to the prosecuting attorney, and provides that for a failure so to do, he shall be removed from office.

Section 9042 makes it the duty of the proprietor or lessee of every hotel or lodging-house containing fifty rooms and being over four stories high, to employ a night watchman for every floor, etc.

Section 9043 requires the grand jury to be charged with the duty to make inquiry concerning the violations of this law, and to indict all such persons.

Section 9044 provides that all fines imposed under this law shall go to the public schools.

Section 9045 requires that all hotels or lodging-houses hereafter constructed over two stories in height and over one hundred feet in length, shall have at least two flights of stairs for the use of guests, leading from the ground to the uppermost story.

The act of 1901 is as follows:

"Section 1. It shall be the duty of the owner, proprietor, lessee or keeper of every hotel, boarding and lodging-house, school house, opera house, theatre, music hall, factory, office building in the State of Missouri, and every building therein where people congregate or which is used as a business place, or for public or private assemblage, which has a height of three or more stories, to provide said structure with fire-escapes attached to the exterior of the building. The fire-escapes shall commence at the sill of the second story window and run three feet above the upper window sill of the upper story with an iron ladder from the upper story to the roof, and when stopped off at the second story shall be provided with an automatic drop stair from the second story to the ground, to be held up by a weight and wire cable when not in use. School buildings, opera houses, theatres and church buildings, also hospitals, blind and lunatic asylums and seminaries shall each have a fire-escape built solid to the ground and at the bottom enclosed with heavy wire or elevator enclosure up to eight feet in height, with a wire or iron door with knobs on the inside so that it can not be opened from the outside. In no case shall a fire-escape run past a window where it is practicable to avoid it. All fire-escapes required by this act must be of the kind known as stationary fire-escapes. All buildings hereto-

fore erected shall be made to conform with the provisions of this act.

"Section 2.   No ladder fire-escape shall hereafter be used, and the fire-escapes herein provided for shall be a stair fire-escape, built on an angle of not more than fifty degrees, with proper risers and treads and shall be constructed so as to be placed on a blank wall, where practicable, with balconies to reach the opening doors or windows, as the case may be, and with one or more landings in each story and enclosed on the sides with wire bank rail running three feet on the same angle as the stairs.

"Section 3.   All buildings three or more stories in height, used for manufacturing purposes, hotels, dormitories, schools, seminaries, hospitals or asylums, shall have at least one fire-escape for every twenty to fifty persons for whom working, sleeping or living accommodations are provided above the second story, and all public halls which provide seating room above the first floor or ground story shall have such a number of fire-escapes as shall constitute one fire-escape for every hundred persons, calculated on the seating capacity of the hall.

"Section 4.   All buildings hereinafter erected in this State which shall come within the provisions of this law, shall, upon or before their completion, be provided with fire-escapes of the kind and number and in the manner set forth in this law, and any violation of this section shall constitute a misdemeanor on the part of the owner of such building, punishable as provided in section five.

"Section 5.   The owner, proprietor, lessee or manager of a building which, under the terms of this act, is required to have one or more fire-escapes, who shall neglect or refuse for the period of sixty days after this law takes effect to comply with its provisions, shall be deemed guilty of a misdemeanor, and on conviction, shall be fined not less than fifty nor more than two

hundred dollars, or by imprisonment in the county or city jail not more than three months, or by both fine and imprisonment, and each day shall be deemed a separate offense.

"Section 6.    All acts and parts of acts in conflict herewith are hereby repealed.    It is made the duty of all prosecuting attorneys in this State to institute and prosecute infractions of this law.    Whenever it shall come to the knowledge of the chief of the fire department or commissioner of public buildings in any city or the sheriff in any county that any violation of this act has occurred, it shall be his duty to report the fact to the prosecuting attorney."

The defendants contend that the act of 1901 repeals sections  9036 to 9045, Revised Statutes 1899, by necessary implication, and that they are not liable in this case under the petition as framed, because section 2 of the act of 1901 expressly provides: "No ladder fire-escape shall hereinafter be used, and the fire-escapes herein provided for shall be a stair fire-escape."

In other words, the defendants do not claim that they have complied with the requirements of the act of 1901, but that the plaintiff does not predicate a right to recover for the violation of the act of 1901.    On the contrary, plaintiff's whole case rests upon a violation of section 9036, Revised Statutes 1899, in that, the defendants failed to provide a rope or rope ladder for every room in their lodging-house.    If, therefore, the act of 1901 not only provides totally different appliances for fire-escapes, but also prohibits the use of a rope or rope ladder, or any other kind of a ladder, the plaintiff is not entitled to recover in this action.    The pivotal question in the case, therefore, is, whether or not the act of 1901 repeals section 9036, Revised Statutes 1899.

It will be observed that the act of 1901 repeals all acts and parts of acts that are inconsistent therewith.

Repeals by implication are not favored by law, and the general and almost universal rule is that a later general act will not be construed to repeal a prior general act (the effect of a later general act upon a prior special act is not here involved) unless the two are so inconsistent that they can not stand together or be consistently reconciled. If the two can be read together without contradiction or repugnancy or absurdity or unreasonableness, they should be read together and effect given to both. [State ex rel. v. Spencer, 164 Mo. l. c. 53 and 54, and cases cited.]

Endlich on the Interpretation of Statutes, sec. 201, lays down a further rule as follows:

"But possibly the strongest implication of a negative [the author is speaking of a repeal by an 'implied negative'] . . . is found where subsequent statutes revising the whole matter of former ones, and evidently intended as substitutes for them, introduce a new rule upon the subject. In such cases the later act, although it contains no words to that effect, must, in principle of law, as well as in reason and common sense, operate to repeal the former—the negative being implied from the 'reasonable inference that the Legislature can not be supposed to have intended that there should be two distinct enactments embracing the same subject-matter in force at the same time.' "

In State v. Roller, 77 Mo. 120, it was held that, "A statute revising the whole subject-matter of a former statute and evidently intended as a substitute for it, although it contains no express words to that effect, repeals the former."

These rules were quoted and followed in Meriwether v. Love, 167 Mo. l. c. 521, and were also followed in Kern v. Legion of Honor, 167 Mo. l. c. 484, and in Delaney v. Police Court, 167 Mo. l. c. 676.

In the light of these principles the statute here involved must be construed.

Section 9036, Revised Statutes 1899, deals with

hotels and lodging-houses over two stories high, and requires them to have a rope or rope ladder in every room. Section 9037 deals with hotels or lodging-houses over three stories high, and requires them to have iron balconies with iron stairways leading from one balcony to another. Section 9042 deals with hotels and lodging-houses having four or more stories, and requires them to employ a watchman on every floor. Section 9045 requires all hotels and lodging-houses hereafter erected over two stories high, to have at least two flights of steps leading from the ground to the uppermost story.

The act of 1901 deals with hotels, boarding or lodging-houses, schoolhouses, opera houses, theatres, music halls, factories, office buildings, every building where people congregate or which is used as a business place or for public or private assemblages, which have a height of three or more stories, and requires them to have fire-escapes attached to the exterior of the building and staircases in the interior thereof. The fire-escapes are required to commence at the sill of the second story window and extend three feet above the upper window sill of the upper story, with an iron ladder from the upper story to the roof, and when stopped at the second story to be provided with an automatic drop stair from the second story to the ground, to be held up by a weight and wire cable when not in use. It also provides that school buildings, opera houses, theatres, church buildings, hospitals, blind and lunatic asylums and seminaries, shall have a fire-escape built solidly to the ground and at the bottom enclosed with heavy wire or elevator enclosure up to eight feet in height, with wire or iron door knobs on the inside so that it can not be opened from the outside. It further prohibits the fire-escape to run past a window where it is practicable to avoid it, and requires that such fire-escapes shall be of a kind known as stationary fire-escapes, and that all buildings erected hereafter shall be made to conform to the act. Section two of the act

provides as follows: ''No ladder fire-escape shall here-
after be used, and the fire-escapes herein provided for
shall be a stair fire-escape,'' etc.  Section three re-
quires all buildings that are three stories or more in
height and which are used for manufacturing purposes,
hotels, dormitories, schools, seminaries, hospitals or
asylums, to have one fire-escape for every twenty to
fifty persons, for whom working, sleeping or living ac-
commodations are provided above the second story, and
all public halls which provide seating room above the
first or ground story, to have a fire-escape for every
hundred persons, estimated according to the seating
capacity of the hall.

This analysis of the provisions of chapter 146, Re-
vised Statutes 1899, and of the act of 1901, conclusively
shows that it was the purpose and intention of the law-
makers to revise the portion of chapter 146, which is
composed of the act of May 2, 1877, as carried into and
amended by the Revision of 1889, and as is embodied in
sections 9036 to 9045 inclusive, Revised Statutes 1899.

This is demonstrated not only by the fact that the
act of 1901 covers all the subjects that are embraced
in that portion of chapter 146, but also by the fact that
the act of 1901 also covers other buildings where the
dangers of fire were equally as great, and in addition
makes much more efficacious and stringent regulations
to conserve the public safety than the prior law pro-
vided.  So that the later enactment must be held to
supersede the prior law.

Furthermore, it is apparent from even the most
casual reading of the two enactments that they are so
essentially repugnant that they can not be harmonized
or so construed that they can stand together.  For in-
stance, under the old law it was the duty of the owner
or proprietor of all hotels or lodging-houses that were
over two stories in height to equip each room that had
an outside window with a rope or rope ladder long
enough to reach the ground, whereas the act of 1901.

not only prohibits a rope or rope ladder, but also pro-
hibits any kind of ladder, even an iron ladder, and
requires a stationary balcony with a stair fire-escape
leading from the uppermost story to the ground, and of
a prescribed character, placed on a blank wall and if
practicable not in front of any window. It is clear that
the purpose of this enactment was to require a perman-
ent means of escape that would be impervious, or as
nearly so as possible, to fire, and to prohibit ropes or
rope ladders that would be so easy to catch fire and
thus destroy the means of escape even while the oc-
cupants were attempting to escape.

It follows that one who obeyed the law as expressed
in sections 9036 to 9045, Revised Statutes 1899, and
especially as prescribed by section 9036, would neces-
sarily violate the act of 1901, and vice versa.

The conclusion is, therefore, inevitable that the act
of 1901 repeals the provisions of chapter 146 which are
repugnant thereto, by necessary implication. And this
is particularly true as to section 9036, Revised Statutes
1899, upon which the plaintiff's whole case is bottomed.
The plaintiff's petition is so framed, and the case at
bar was so tried in the circuit court, that the plaintiff
is not entitled to recover unless section 9036 is an ex-
istent law, and as it is herein pointed out that that sec-
tion has been repealed by implication, it follows that
the plaintiff has made out no case, and the trial court
should have so declared. From the evidence in this
record the defendants clearly violated the provisions
of the act of 1901, in not equipping their lodging-house
with balconies and stair fire-escapes as that act requires.
But as the plaintiff did not attempt to state a cause of
action under that act, she can not avail herself of that
act in this action. A party can not state one cause of
action or seek to recover for a specific act of negligence
and recover upon another cause of action or because
of another act of negligence not pleaded, albeit he
would have been entitled to so recover if he had prop-

erly pleaded the same. [Chitty v. Railroad, 148 Mo. 64; Mirrielees v. Railroad, 163 Mo. l. c. 489; Becker v. Building Company, 174 Mo. l. c. 254; Cole v. Armour, 154 Mo. 333; Hesselbach v. St. Louis, 179 Mo. l. c. 524; Feary v. Railroad, 162 Mo. 75; Bagnell Timber Co. v. Railroad, 180 Mo. l. c. 462.]

For these reasons the judgment of the circuit court is reversed.

All concur.