MARGARET COLLINS, Appellant, v. ERNEST H. TWELLMAN, Executor of the Estate of CHRIST FRIELING.—126 S. W. (2d) 231.

Division Two, March 15, 1939.

*Eagleton, Waechter, Elam & Clark* for appellant.

*Julius T. Muench* and *Norman Begeman* for respondent.

WESTHUES, C.—Appellant, Margaret Collins, instituted suit against respondent, seeking to recover $50,000 as damages for injuries sustained when a three story building, owned by respondent,

burned. At the time of the fire appellant was a tenant in the building. At the close of plaintiff's case the trial court sustained a demurrer to the evidence and plaintiff took an involuntary nonsuit. Later she filed a motion to set the nonsuit aside. This motion was overruled and from the judgment entered plaintiff appealed.

Plaintiff charged that the building was being used as a boarding and lodging house; that she occupied a room on the third floor; that the building burned about one or two o'clock on the morning of September 17, 1931; that she was severely burned while attempting to leave the building by means of a stairway inside the building. The charge of negligence was that the building was not equipped with an iron or steel stair fire escape attached to the exterior of said building and with stairways located inside thereof, all as required by Section 13757, Revised Statutes 1929 (Mo. Stat. Ann., p. 6978). The respondent's contention at the trial was, and here on appeal is, that the building did not come within the meaning of Section 13757, supra, but that Section 13097, Revised Statutes 1929 (Mo. Stat. Ann., p. 4155), should govern. Respondent denied that the building was being operated as a boarding, lodging, or tenement house, but contended that it was being operated as a hotel within the meaning of the laws of Missouri. The evidence disclosed that seventeen rooms in the building were rented on a weekly basis. Section 13091, Revised Statutes 1929 (Mo. Stat. Ann., p. 4152), provides in part:

"That every building or other structure, kept, used, maintained, advertised or held out to the public to be a place where sleeping accommodations are furnished for pay to transient or permanent guests, in which ten or more rooms are furnished for the accommodation of such guests, whether with or without meals, shall for the purpose of this article be deemed a hotel. . . ."

Section 13097, supra, reads in part as follows:

"Certain hotels to provide rope to each room, etc.—Every hotel which is not over three stories in height and which is not provided with such fire escapes as described in section 13096 shall provide in every bedroom or sleeping apartment on the second and third floors a manila rope at least five-eighths of an inch in diameter and of sufficient. length to reach the ground, with knots or loops not more than fifteen inches apart, and of sufficient strength to sustain a weight and strain of at least five hundred pounds."

Section 13096, Revised Statutes 1929 (Mo. Stat. Ann., p. 4154), requires hotels of more than three stories to have outside iron stair fire escapes. Section 13757, supra, reads in part as follows:

"It shall be the duty of the owner, proprietor, lessee, trustee, or keeper of every hotel, boarding and lodging house, tenement house, schoolhouse, opera house, theater, music hall, factory, office building, except fireproof office buildings in which all structural parts are

wholly of brick, stone, tile, concrete, reinforced concrete, iron, steel or incombustible material, and which are not used for lodging purposes in the State of Missouri, and every building therein where people congregate or which is used for a business place or for public or private assemblages, which has a height of three or more stories, to provide said structure with iron or steel stair fire escapes attached to the exterior of said building and by staircases located in the interior of said building. The fire escapes shall extend from the upper story to the ground, pavement or sidewalk with iron or steel ladder from the upper story to the roof.''

Section 13757, supra; will be found under Article I of Chapter 113, head title, ''Public Safety.'' Article I of that chapter deals specifically with fire escapes. Section 13097, supra, will be found under Article VII of Chapter 93, head title, ''Food and Drugs.'' Article VII of that chapter deals with hotels.

A full history of this legislation up to the year 1901 will be found in the case of Yall v. Gillham, 187 Mo. 393, 86 S. W. 125. We need not repeat the history of these various acts prior to that decision. Suffice to say that in the Yall case this court held that the Legislature, by the act of 1901, page 219, which may be termed an ancestor of what is now Article I of Chapter 113, supra, prescribed what fire escapes were to be erected on hotels, inns, etc. Section 2 of that act repealed the so-called rope fire escape law. Plaintiff in the Yall case relied solely on the law requiring a rope ladder, and this court held that plaintiff could not recover damages because that law had been repealed. Subsequently the Legislature repealed Section 2 of the 1901 act. In the year 1909 the Legislature enacted substantially what is now Article VII of Chapter 93, 1929. Sections 13096 and 13097 of Chapter 93 and Section 13757 of Chapter 113 cannot be harmonized. The first two sections mentioned require outside iron stair fire escapes on hotels over three stories in height, while hotels three stories or less are permitted to have rope ladder fire escapes. Section 13757, supra, provides that all buildings of three stories or more, where the public are invited, such as hotels, inns, boarding houses, factories, office buildings, etc., shall have outside iron or steel stair fire escapes.

Since the sections cannot be harmonized we must determine the legislative intent as to what section shall govern. In arriving at a conclusion on this question we cannot overlook the action of the Legislature after the Yall case was decided. The fire involved in the Yall case occurred on February 9, 1902. The act of 1901 was in force. The case was decided by this court in March, 1905. This court held that Section 2 of the 1901 act repealed the law permitting rope ladder fire escapes by expressly prohibiting their use. The Legislature of 1903 repealed Section 2 of the 1901 act. [See Laws 1903, p. 251, sec. 2.] After the decision in the Yall case, holding that

under our statute all buildings, including hotels of three stories or more in height, must have outside iron or steel fire escapes, the Legislature in 1909 enacted what are now substantially Sections 13096 and 13097, permitting the so-called rope ladder fire escapes to be used in all hotels of three stories or less. The act of 1909, particularly what are now Sections 13096 and 13097, and the act of 1901, particularly what is now Section 13757, Article I, Chapter 113, Revised Statutes 1929, were, since their first enactment, amended in some detail but not in substance. In view of this history it seems to us that the Legislature intended the act of 1909 to apply to hotels. The two sections referred to, Sections 13096 and 13097, apply specifically to hotels and nothing else. Section 13757 applies generally to all buildings. The law of 1909 was enacted subsequent to the act of 1901. It certainly cannot be doubted that Sections 13096 and 13097 controlled the matter of fire escapes as to hotels after they were enacted in 1909. Appellant concedes that when one of two conflicting statutes must prevail then all else being equal a special statute must take precedence over the general law; also that all else being equal later statutes take precedence over earlier statutes.

■ Appellant, however, insists that Section 13757 was repealed by the Legislature of 1917 and re-enacted with some new provisions, (see Laws 1917, page 492); that this law was approved April 12, 1917, and became effective ninety days after the adjournment of the assembly. Appellant then points out that the act of 1909, now Article VII of Chapter 93, was repealed by the same Legislature and re-enacted adding new provisions (see Laws 1917, pages 300 to 307); that this act carried an emergency clause and became effective when approved on April 10, 1917. So appellant argues that Section 13757 must control over the other sections because it is the last expression of the Legislature on this subject matter. We are of the opinion that appellant's position cannot be sustained. The repealing and re-enacting of the acts, by the Legislature of 1917, was evidently for the sole purpose of amending those acts. It will be noted that the provisions now under consideration were left substantially as they were before 1917. It would have been an easy matter for the Legislature to have dropped Sections 13096 and 13097 from the article, or to have harmonized them with Section 13757, when the laws were rewritten in 1917, but they did not do so.

■ Neither are we in accord with appellant's contention that the Legislature, by the act of 1917, when it repealed and re-enacted what is now Section 13757, repealed by implication what are now Sections 13096 and 13097. It is argued that a general law covering the entire field may by implication repeal a special law. In certain circumstances that may be true. The case of Yall v. Gillham, supra, is cited as an authority. But in that case the general law carried a provision repealing all laws in conflict therewith, and also expressly prohibited

the use of rope ladders. It was because of this prohibitory provision that this court held the new general act to have repealed the special act. Repeal of a special law by implication, through the enactment of a general law, is not favored. In the case under consideration we find that the special act was passed after the general law had been in force a number of years. It was enacted after this court had held that the general law providing for fire escapes, passed in 1901, repealed the law permitting rope ladders. Since 1909 both have been on the statute books and both have been amended, but the substance of the original acts remains. In these circumstances we are driven to the conclusion that Sections 13096 and 13097 govern as to hotels.

The judgment of the trial court is affirmed. *Cooley* and *Bohling,* CC., concur.

PER CURIAM:—The foregoing opinion by Westhues, C., is adopted as the opinion of the court. All the judges concur.