FILED 216
Mr. John Casteel Prosecuting Attorney Camden County Camdenton, Missouri 65020
Dear Mr. Casteel:
This is in answer to your opinion request reading as follows:
 "Under Section 120.375 RSMo which candidate should the County Clerk place on the ballot for the November general election, the candidate that withdrew 42 days prior to the election or the replacement candidate chosen by the Republican Committee?"
You further state:
 "Gilbert Brown was the duly nominated candidate for associate County Judge in the August Primary. On September 21, 1976, Mr. Brown tendered to the County Clerk, Leo Marler, his withdrawal from the November General Election. The Camden County Republican Committee then chose Bobbie Jones as the replacement on the ballot. On October 20, 1976, it was brought to the attention of the County Clerk that the withdrawal was filed only 42 days prior to the General Election, therefore, not meeting the 43 day requirement."
Section 120.375, RSMo Supp. 1975, provides as follows:
 "1. Any person who has filed a declaration of candidacy or any person nominated in the August primary election by his party as a candidate for an elective office, who wishes to withdraw as a candidate, must do so by filing a written, sworn statement of withdrawal in the office in which his original declaration of candidacy was filed not later than forty-three days prior to the day of the primary or general election, as the case may be.
 "2. The name of a person who has properly filed a declaration of candidacy, or of a person nominated by his party for office, who has not given notice of withdrawal as provided in subsection 1, shall, except in case of death, be printed on the official primary or general election ballot, as the case may be. (Emphasis added)
It is our view that under the plain, clear, unequivocal provisions of Section 120.375, an attempt to withdraw by a nominee less than forty-three days preceding the general election is a nullity and that his name is required to be printed on the general election ballot. As can be seen from the provisions of such section the only instance in which a substitute nomination can be made is when a vacancy in nomination occurs by reason of death.
It has been suggested that under provisions of Section 120.550, RSMo, a candidate has a right to withdraw up to thirty days before the day of election and that the party committee has authority to fill the vacancy in nomination caused by such withdrawal. section 120.550, provides in part as follows:
 "1. The party committee of the county, district or state, as the case may be, shall have authority to make nominations in the following cases:
 (1) When a vacancy in the candidates for nomination as a party candidate for election to any office shall occur by reason of death or resignation after the last day in which a person may file as a candidate for nomination;
 (2) When any person nominated as the party candidate for any office shall die or resign before election;
 (3) When a vacancy in office which is to be filled for the unexpired term at the following general election shall occur after the last day in which a person may file as a candidate for nomination.
 "2. Nominations to fill vacancies caused by death shall be filed, as the case may be, either with the secretary of state not later than fifteen days before the day fixed by law for the election of the person in nomination or with the election authority not later than ten days before such election. Nominations to fill vacancies caused by resignation or withdrawal of a candidate shall be filed with the secretary of state or election authority not later than thirty days before the day fixed for the election."
It is our view that Section 120.550 does not purport to state that a political committee has a right to nominate a candidate in place of a candidate who withdraws thirty days before the election and less than forty-three days before election. It is our view that the meaning of the provision, . . . "Nominations to fill vacancies caused by resignation or withdrawal of a candidate shall be filed with the secretary of state or election authority not later than thirty days before the day fixed for the election. . . ." simply sets out the last date upon which a nomination to fill a vacancy caused by withdrawal or resignation of a candidate may properly be filed by a party committee. It is our view that reading Sections 120.375 and 120.550 together demonstrate that a candidate may legally withdraw or resign his nomination at any time after the nomination has been made and up to forty-three days before the date of election and that the nomination by the party committee to fill such vacancy in nomination shall be filed with the proper election authority not later than thirty days before the date fixed for election. We believe the same reasoning to be applicable to the provisions of Section 120.560. Such section provides in part as follows:
 "When any vacancy, which may be filled by a candidate nominated by a party committee pursuant to section 120.090 or section 120.550, occurs too late to permit the committee to file its nomination within the time prescribed in such sections, the chairman of the party committee of the county, district or state, as the case may be, is hereby empowered to make a nomination to fill such a vacancy. . . ."
With reference to a vacancy caused by withdrawal, we believe the meaning of this provision to be that when the vacancy occurs more than forty-three days before an election and a political committee is unable to make a nomination to fill such vacancy within the time permitted in Section 120.550, such vacancy in nomination can be filled by the committee chairman as provided in Section 120.560.
Such section does not, in our view, purport to provide that a party committee chairman can make a nomination to fill a vacancy in nomination caused by withdrawal or resignation of a nominee within the forty-three day period before the election as provided in Section 120.375. Further, Section 120.375 was enacted after Sections 120.550 and 120.560 were enacted and if there are any provisions in Section 120.375 contrary to the provisions of Sections 120.550 and 120.560, the provisions which are contrary found in Section 120.375 must prevail because such section constitutes a later enactment by the General Assembly.
In the case of Collins v. Twellman, 126 S.W.2d 231 (Mo. 1939), the Supreme Court of Missouri said, l.c. 233:
 ". . . Appellant concedes that when one of two conflicting statutes must prevail then all else being equal a special statute must take precedence over the general law; also that all else being equal later statutes take precedence over earlier statutes."
CONCLUSION
It is the opinion of this office that when a candidate for associate county judge is nominated at the August primary and attempts to withdraw as a candidate less than forty-three days prior to the date of the general election such attempted withdrawal is a nullity and void and his name is to be printed on the general election ballot.
The foregoing opinion, which I hereby approve, was prepared by my assistant, C. B. Burns, Jr.
Very truly yours,
 JOHN C. DANFORTH Attorney General