Fleckenstein v. Baxter.

FLECKENSTEIN v. BAXTER, *Appellant*.

Division One, March 13, 1893.

1. **Taxes:** PRIOR LIEN. Unpaid taxes constitute a lien on the land which is prior and paramount to all other liens.

2. **Tax Lien:** JUDGMENT: NOTICE. A tax lien is created and disclosed by public records and one who buys the land from the owner purchases with notice of it and of the judgment enforcing it, and is bound to go further and see whether the judgment has been satisfied; and where such inquiry discloses an execution sale of the land, he takes with notice of it and is bound by it, and, as between him and those claiming under the sheriff's deed, he has notice of such deed although not recorded at the time of his purchase.

3. ———: ———: ———: RELATION. In such case, even had the sheriff failed to execute the deed until after the purchase from the owner, still the deed, when executed, would relate back at least to the date of the judgment and cut out the purchaser.

4. ———: ———: MERGER. A tax lien is not merged into a judgment lien, so as to expire in three years, as in case of a general judgment.

*Appeal from Putnam Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*Huston & Parrish* for appellant.

(1) The lower court erred in refusing the second declaration of law asked by defendant. Taxes are a public lien created by statute and evidenced by public records in the assessor's and collector's office, and of

this lien all are treated as having notice. Revised Statutes, 1879, sec. 6717 p. 1317. This lien is in all respects treated as and has the legal effect of a recorded first mortgage in favor of the state. Sec. 6717, *supra*. Any one buying the land after the date fixed by law for assessment takes it subject to that lien. If he even holds the title by unrecorded deed and suit is brought against his grantor, he can only redeem on payment of taxes, penalties and court costs. *State v. Sack*, 79 Mo. 661. (2) In this case, under the law, the tax lien was equivalent to mortgage on the land made by Schloegel to the state duly acknowledged and recorded. He then had notice of this record lien. *Drey v. Doyle*, 99 Mo. 459. This lien was necessarily in the chain of title under which plaintiff claimed, and he was bound to take notice of it. "Notice of the lien is notice of all its investigation would lead to."

*B. H. Bonfoey* and *A. W. Mullins* for respondent.

(1) The law of this state requires sheriffs' deeds to be recorded the same as all other deeds and instruments in writing affecting title to real estate. Revised Statutes, 1889, sec. 4957; Revised Statutes, 1879, sec. 2395; 1 McQuillin's Pleading and Practice, sec. 1133; *Hammond v. Johnston*, 93 Mo. 198, 222, 223. (2) The fact that defendant was in the actual possession of the land at the time of and prior to the plaintiff's purchase of it from the patentee, Charles A. Schloegel, did not impart notice to plaintiff, or his grantor, of defendant's claim to the land. Something more is necessary. In no case can notice of title, or claim of title, be inferred from the mere possession of land, unless the person to be affected has notice or knowledge of such possession. In this case there is no evidence whatever that the plaintiff had any notice or information when he pur-

chased the land, and received a warranty deed therefor and had the same recorded, that the defendant either had possession of the land or any claim of title thereto. *Beattie v. Butler*, 21 Mo. 313; *Vaughn v. Tracy*, 25 Mo. 318; *Masterson v. Railroad*, 5 Mo. App. 64; 72 Mo. 342; *Casey v. Steinmeyer*, 7 Mo. App. 556.

BLACK, P. J.—This is an action of ejectment for eighty acres of land, being two forty-acre tracts. The plaintiff's title is as follows: *First*, a patent from the United States to Charles Schloegel, dated the eighteenth of March, 1858; *second*, a deed from Schloegel to the plaintiff dated September 2, 1887, recorded the fifth of September, 1887.

The court found for defendant as to one forty-acre tract, and for the plaintiff as to the other, namely, the northwest quarter of the northwest quarter of a given section. This is the tract still in question. For title to this parcel, the defendant introduced the following evidence: *First*, a sheriff's deed to Hugh D. Marshall dated March 22, 1882, which was not recorded until the fifth of November 1887; *second*, a quitclaim deed from Marshall to defendant dated June 17, 1885, recorded September 12, 1885. The sheriff's deed to Marshall recites a judgment recovered on December 4, 1881, in a suit by the collector against Charles A. Schloegel to enforce the state's lien for delinquent taxes for the years 1865 to and including 1873, and from 1877 to and including 1879, and a sale to Marshall made on March 23, 1882, by virtue of a special execution issued on that judgment.

The question made on this record is, whether the plaintiff purchased with notice of the sheriff's deed.

The taxes were assessed against the land while Charles Schloegel was the owner, and he continued to be the owner when the tax suit was commenced and the

special judgment obtained against him.    The sheriff's deed based on that judgment bears date March 22, 1882, but was not recorded until two months after the plaintiff received his deed from Schloegel.    The unpaid taxes constituted a lien on the land, and this lien was prior and paramount to all other liens.    It was created and disclosed by public records, and the plaintiff purchased with notice of it and of the judgment enforcing it.    This tax lien was not merged into a judgment lien so as to expire in three years as in case of a general judgment.    *Boyd v. Ellis*, 107 Mo. 398.    The plaintiff purchased with notice of the tax lien and the special judgment enforcing it, and he was bound to go further and see whether that judgment had been satisfied, and this inquiry would have disclosed the execution sale. He, therefore, took with notice of that sale and is bound thereby.    As between him and those holding under the sheriff's deed, he had notice of the sheriff's sale. Had the sheriff failed to execute the deed until after the plaintiff purchased, still the deed when executed would relate back at least to the date of the judgment, and thus cut out plaintiff.    *Boyd v. Ellis, supra*, and cases cited. Surely the purchaser at the sheriff's sale is in as good a position with an unrecorded deed as he would be without ever having received a deed.

We therefore hold that plaintiff purchased with notice of the claim of defendant.    With this result it is not necessary to consider the instructions, nor is it necessary to speak of the evidence offered to show actual notice on the part of the plaintiff.    The judgment is reversed and the cause remanded.    All concur.