THRUSTON PETTUS, BRADFORD BLOSSOM and WILLIAM E. GUY, Trustees Upon Dissolution of St. Louis Merchants Land Improvement Company, Appellants, v. THE CITY OF ST. LOUIS, a Municipal Corporation; ROSS AVIATION CORPORATION, a Corporation; GEORGE HOLTGREWE and MARGARET HOLTGREWE, Respondents, No. 42373—242 S. W. (2d) 723.

Division Two, October 8, 1951.

604

*Sullivan, Finley & Lucas, Wilder Lucas* and *Ralph T. Finley* for appellants.

606

*James E. Crowe,* City Counselor, and *Charles J. Dolan,* Associate City Counselor, for respondent The City of St. Louis.

 BOHLING, C.—This suit in equity was instituted May 9, 1950, by Thruston Pettus, Bradford Blossom, and William E. Guy, Trustees upon Dissolution of St. Louis Merchants Land Improvement Company, against the City of St. Louis, a municipal corporation, Ross Aviation Corporation, a corporation, George Holtgrewe and Margaret Holtgrewe. The suit was to quiet title to certain real estate fully described in the petition and, among other things, to declare certain Collector's deeds under the Jones-Munger law (Laws 1933, pp. 425-449), dated September 11, 1942, and recorded October 21, 1942, null and void, and for cancellation of the same; for possession and damages et cetera. Special motions to dismiss on the ground plaintiffs' suit was to recover lands sold for taxes or to avoid the sale or conveyance of lands for taxes and was not commenced within three years of the time of recording the tax deeds (§ 11177, R. S. 1939, § 140.590, R. S. 1949) were sustained, and plaintiffs' petition was dismissed, with prejudice, as to all defendants, at the costs of plaintiffs.

 It has been heretofore held that the three year limitation of § 11177 is applicable to suits to try and determine title involving the cancellation of tax deeds issued under the Jones-Munger law (Granger v. Barber, Mo., 236 S. W. 2d 293, 297[7]); and observations to like effect have been made in other cases involving like tax deeds (Bussen Realty Co. v. Benson, 349 Mo. 58, 66[5], 69, 159 S. W. 2d 813, 817[4], 819; Harrison v. Coomber Realty & Inv. Co., 359 Mo. 862, 865[1], 224 S. W. 2d 63, 64[1]; United States v. Certain Lands, 70 F. Supp. 730, 732[5]. See also Liese v. Sackbauer, Mo., 222 S. W. 2d 84.)

Plaintiffs contend the ten year (§ 1002, R. S. 1939, § 516.010, R. S. 1949) and not the three year (§ 11177, supra) statute of limitations applies. They say that in Granger v. Barber, supra, the litigants assumed the three year statute applied, whereas they contend it stands repealed or its application is restricted to the revenue act of 1872, hereinafter discussed.

Section 11177 was § "222[221]" of "An Act concerning the assessment and collection of the revenue" of 1872 (Laws 1872, pp. 80-

137, §§ 1-249[248].) Section 222[221] appeared as § 221 in 2 Wagner Statutes 1872, p. 1207, and has been referred to as § 222 and § 221. We refer to the sections as numbered in Laws 1872.

We briefly outline several of the sections of the act of 1872. The county collectors were to enforce the lien for taxes unpaid on January 1st, annually. § 173. The county courts had original jurisdiction of the lien enforcement proceedings at a term of court held on the third Monday in July, annually. § 183. The county collector was to publish an advertisement of all real estate against which taxes remained unpaid on June 1st of each year, et cetera, and give notice that he would apply at said July term for judgment and an order to publicly sell the real estate on the first Monday of October, next, to enforce the State's lien, which advertisement was made sufficient and legal notice of the application for judgment and of the sale. § 184. See also § 204. The court was to determine any objections in a summary manner. § 193. A copy from the judgment of the real estate subject to the judgment, et cetera, and of the judgment and order of sale, certified by the county clerk, constituted the process for sale. § 196.

The county collector was to publicly sell the real estate. § 199. Purchasers were entitled to a certificate of purchase. § 207. The owner had a right of redemption at any time within two years. § 209. See also § 211. After the expiration of two years, the county collector, on production of the certificate of purchase, was to deliver a "tax deed" for the real estate, if not redeemed. §§ 217, 218.

Section 222 (§ 11177, supra) here involved, so far as material, provided: "Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes, (except in cases where the taxes have been paid or the land was not subject to taxation, or has been redeemed as provided by law,) shall be commenced within three (3) years from the time of recording the tax deed, and not thereafter * * *."

The cases accordingly held said three year special statute of limitations applied to collector's tax sales and deeds under the act of 1872. Francis v. Grote, 14 Mo. App. 324, 327(1), 330(2); Hill v. Atterbury, 88 Mo. 114, 120; Allen v. White, 98 Mo. 55, 59(II), 10 S. W. 881, 884(3); Bird v. Sellers, 122 Mo. 23, 32, 26 S. W. 668, 670.

A new law for the collection of delinquent taxes was enacted in 1877. Laws 1877, pp. 384-389. Said act provided for the collection of delinquent real estate taxes by suit against the owner, the issuance of a special fiere facias on the judgment, and its execution as in other cases of special execution. See §§ 6, 7. It provided for the conveyance of a title in fee by the sheriff to the purchaser at the execution sale and there was no redemption period as under the act of 1872. § 8; § 9958, R. S. 1929; Fleckenstein v. Baxter, 114 Mo. 493, 496, 21 S. W. 852; Bussen Realty Co. v. Benson, 349 Mo. 58, 159 S. W. 2d 813, 820.

It expressly repealed § 184 of the 1872 act and all inconsistent acts or parts of acts.

The act of 1877 provided no limitation period. The terms of § 222, supra, did not conform to the act of 1877 (see Keaton v. Hamilton, infra), and said three year statute was held not to apply to sales of lands for delinquent taxes and deeds under judgments of the circuit court under said act of 1877. Blodgett v. Schaffer, 94 Mo. 652, 672(V), 7 S. W. 436, 442(5); Bartlett v. Kauder, 97 Mo. 356, 361(IV), 11 S. W. 67, 68(4); Bird v. Sellers, 113 Mo. 580, 593, 21 S. W. 91, 94; Williams v. Sands, 251 Mo. 147, 165(V), 158 S. W. 47, 51(5); Gulley v. Waggoner, 255 Mo. 613, 620(I), 624, 164 S. W. 557, 558(1), 560; Workman v. Moore, Mo., 177 S. W. 862, 864[2]; Wengler v. McComb, Mo., 188 S. W. 76, 78[4]; Keaton v. Hamilton, 264 Mo. 564, 577(IV), 175 S. W. 967, 970[4]; Horton v. Gentry, 357 Mo. 694, 700[3], 210 S. W. 2d 72, 75[4]; and see Granger v. Barber, 361 Mo. 716, 236 S. W. 2d 293, 297. The concurring opinion in Gulley v. Waggoner, 1914, supra, stated that for a generation tax-title cases had proceeded on the theory a ten-year limitation governed.

Blodgett v. Schaffer (Banc, April Term, 1888), supra, considered said § 222 stood repealed. This also was the ruling on the first appeal of Bird v. Sellers (Div. II, 1893), supra, following Blodgett v. Schaffer. However, in the interim Allen v. White, 98 Mo. 55, 62(III), 10 S. W. 881, 884(3), was decided by court en banc at the October Term, 1888, and involved a collector's tax deed under the 1872 act recorded on December 7, 1877. It was there held that said act of 1877 had neither amended nor repealed said § 222 and on the ground § 222 was in force and effect, a suit instituted August 25, 1884, was held barred, not having been commenced within three years of the recording of said deed. On the second appeal of Bird v. Sellers, (Div. I, 1894), 122 Mo. 23, 32, 26 S. W. 668, 670, the observation in Blodgett v. Schaffer, supra, and the holding on the first appeal of Bird v. Sellers, supra, were disclosed to be erroneous.

In Meriwether v. Overly, (Div. II, 1910), 228 Mo. 218, 229(I), 129 S. W. 1, 4(1), an attack made on § 60, Art. 5, Kansas City charter, limiting the time for commencing a suit to defeat or avoid a city tax deed to three years after the recording of the tax deed, on the ground said § 60 was ''inconsistent with the general laws of this State'' was overruled for the reason said § 60 was in harmony with § 222, supra, which had not been repealed but remained in force and effect.

Said § 222 was omitted from the Revised Statutes of 1879, 1889, and 1899. However, it has been incorporated in the Revised Statutes since 1909 (see Granger v. Barber, 361 Mo. 716, 236 S. W. 2d 293, 297 and cases cited), and was § 9964, R. S. 1929.

Plaintiffs contend § 11177, (§ 222) supra, was repealed by the quiet title act of 1897 (Laws 1897, pp. 74, 75; §§ 1684 et seq., R. S. 1939, §§ 527.150 et seq., R. S. 1949). They say: ''In 1872 the statute

enabling the bringing of suits to quiet title against persons out of possession had not been passed''; and in order to test the title of a recorded tax deed holder under the 1872 act, who was out of possession, special provision was made therefore by § 11178, R. S. 1939 (Laws 1872, p. 130, § 223), and § 11177 ''simply provided a limitation period for such suits.''

Said § 1684 provides: ''Any person claiming any title * * * in real property * * *, whether in possession or not, may institute an action against any person * * * claiming to have any title, * * * in such property, whether in possession or not, to ascertain and determine'' title. The ''code of civil procedure'' with respect to actions affecting real estate was to govern. Laws 1897, p. 74, § 2; § 1685, R. S. 1939; § 527.160, R. S. 1949. Acts and parts of acts inconsistent with said quiet title act were repealed. Laws 1897, p. 74, § 4.

Section 11178, supra, provided that any person putting a tax deed on record set up such a title to the land as to enable the owner ''to maintain an action for the recovery of the possession thereof against the grantee in deed, * * * whether such grantee * * * is in actual possession of the land or not.'' The manifest object of § 11178 was to enable the owner of vacant lands, which had been sold for taxes, to sue the tax deed holder in ejectment, and not be forced to take the actual possession of the land in order to vindicate his title; but the owner might take possession, and maintain a proceeding to quiet his title. Apperson v. Allen, 42 Mo. App. 537, 540. Section 11177 served a broader purpose than to simply provide a limitation period for suits under § 11178, and this position of plaintiffs is not well taken.

Plaintiffs also say that §§ 9962c and 9962d (§§ 11169 and 11170, R. S. 1939; §§ 140.330 and 140.570, R. S. 1949) of the Jones-Munger law (Laws 1933, pp. 445, 446) repealed the three year statute (§ 222, supra).

Plaintiffs' position rests upon the provisions of § 9962c making the rules of pleading, process and procedure in suits to quiet title, when not in conflict with the provisions of the Jones-Munger law, applicable in proceedings under § 9962c, and also providing that the remedies granted by §§ 9962c and 9962d are in addition to any other applicable remedies.

The quiet title act prescribes no limitation period, and, as actions under it involve real estate, the ten year statute of limitations for real actions found in the code of civil procedure usually applies. § 1002, R. S. 1939; Hamilton v. Linn, 355 Mo. 1178, 1180[3], 200 S. W. 2d 69, 70[4].

However, the special three year limitation statute is not in irreconcilable conflict with the mentioned general provisions of the quiet title act or of the Jones-Munger law; and a sufficient reason for overruling plaintiffs' contention under a record involving a title evi-

denced by a tax deed under the Jones-Munger law is the rule that in such circumstances a later general law does not impliedly repeal the provisions of an applicable earlier special law. Consult State ex rel. v. Smith, 334 Mo. 653, 67 S. W. 2d 50, 57[10-13]; State ex rel. v. Smith, 344 Mo. 150, 125 S. W. 2d 883, 885[6]; Collins v. Twellman, 344 Mo. 330, 126 S. W. 2d 231, 233; 1 Sutherland, Statutory Construction, 3d Ed., §§ 2021, 2013, 2015.

Is the three year statute (§ 222, § 11177, supra) limited to collector's tax sales and deeds under the act of 1872 and the holding in Granger v. Barber and observations in other cases first herein cited wrong? Plaintiffs so contend, stressing the two cases next mentioned.

Timson v. Manufacturers Coal & C. Co., 220 Mo. 580, 590(II), 119 S. W. 565, 566(2), involved an accident occurring in a coal mine. Section 8802, R. S. 1899 (§ 293.080, R. S. 1949), so far as material, provided: "All mines generating gas in which men are employed shall be examined every morning * * * to determine whether there are any dangerous accumulations of gas, * * * or any other dangerous conditions; and no person shall be allowed to enter the mine until the examiner shall have reported all of the conditions safe for beginning work." Section 8820, R. S. 1899 (§ 293.420, R. S. 1949), created a cause of action for injuries occasioned by any violation of the article. Plaintiff contended § 8802 applied to all coal mines and, neither alleging nor proving that the mine in question generated gas, that judicial notice would be taken that all coal mines generate gas. Defendant contended § 8802 applied only to coal mines generating gas; that plaintiffs should allege and prove the mine generated gas, and the rejection of defendant's evidence that the mine did not generate gas was error. Defendant's position was sustained. Section 8802 was part of Ch. 133, Art. 2, R. S. 1899, which was Ch. 115, Art. 2 §§ 7061-7077, R. S. 1889. In 1895, § 7064, R. S. 1889, was repealed and six new sections enacted in lieu thereof to be known as §§ 7064, 7064a to 7064e, "providing for the ventilation of coal mines" et cetera (Laws 1895, p. 228), which became §§ 8801-8806, R. S. 1899, § 7064a becoming § 8802. The court construed the act of 1895 as relating to coal mines, and the words "all mines generating gas" of § 8802 as relating to coal mines generating gas, the Legislature thereby classifying coal mines into gas-generating and non-gas-generating coal mines. The court considered the context of the act of 1895 sufficient for the construction of § 8802, but also stated: "To get at the meaning of the Legislature we must get at the context of the law passed at the time, as well as the previous legislative enactment upon the subject." Section 8820, creating a cause of action, was § 16 of the original act (see Laws 1887, p. 223; § 7074, R. S. 1889), as amended, and was applicable although not a part of the act of 1895. The Legislative intent controls.

Paddock v. Missouri Pac. Ry. Co., 155 Mo. 524, 534(II), 56 S. W. 453, 455(2), was bottomed upon § 2590, R. S. 1889, and the damages were trebled by the trial court under § 2597, Id. (See § 389.400, R. S. 1949.) Said § 2590 and § 2591 constituted an act approved March 31, 1887 (Laws 1887, pp. 107, 108), whereas § 2597 was § 5 of an act approved March 23, 1887 (Laws 1887, pp. 105-107). The revisers placed the two acts in Art. 2 of Ch. 42 of the Revised Statute of 1889; the act of March 31 being §§ 2590 and 2591 and the act of March 23 being §§ 2593 to 2597. We state the provisions of said acts material here. The act of March 31 required railroads to furnish shippers of live stock with suitable stock cars "with trap doors in the roof of the cars" of specified construction. The act of March 23 imposed liability upon railroads for a refusal or denial of cars to shippers, and § 5 thereof (said § 2597) permitted a recovery of "three times the amount of loss or damage" sustained by a shipper resulting from a violation of said act. The court held the two acts were separate acts and remained so notwithstanding their being placed in the same article of the Revised Statutes; and, consequently, that one suing on a cause of action for failure to furnish cars with the statutory trap-doors was not entitled to have his damage trebled under the provisions of § 2597.

What is said in Kansas City Public Service Co. v. Ranson, 328 Mo. 524, 536, 540, 41 S. W. 2d 169, 173[1], 175[4], with respect to the construction placed upon a statute becoming a part thereof and relied upon by plaintiffs here, lost much weight when that case and the case it followed with reluctance (State ex rel. Gottlieb v. Metropolitan St. Ry. Co., 161 Mo. 188, 61 S. W. 603) were expressly overruled in State ex rel. School Dist. of Kansas City v. Waddill, 330 Mo. 1118, 1127, 52 S. W. 2d 476, 480. The instant issue was not up in the plaintiffs' cases involving the act of 1877 and statements therein construing said § 222 are to be viewed in the light of the issue there for determination under the then existing facts. Schupbach v. Fisler, Mo., 239 S. W. 2d 502, 503[1].

The Jones-Munger law (Laws 1933, pp. 425-449), briefly, substituted administrative proceedings in lieu of the judicial proceedings of the act of 1877 (Laws of 1877, pp. 384-389), as amended, for the sale of real estate to enforce the lien of the State for delinquent taxes. Many of the provisions of the Jones-Munger law are markedly similar to the act of 1872 (Laws 1872, pp. 80-137). For instance: The collector is to sell the real estate after publication of the prescribed notice. §§ 9952a, 9952b, 9952c. The purchaser is entitled to receive a certificate of purchase if the land be sold at its first or second offering (§§ 9953d, 9952c, 9952d, 9953), but at the third offering the successful bidder is entitled to a deed (§ 9953a as reenacted Laws 1939, p. 851). A purchaser receiving a certificate of sale is not entitled to his deed until the expiration of two years from the sale (§ 9957), and

at any time during said period the owner has the right of redemption (§ 9956a).

The Jones-Munger law was not treated by the Legislature as a new act in the manner in which the act of 1877 was treated. The title of the 1877 act read "An act to provide for the collection of delinquent taxes, and taxes due on real estate forfeited to the State, and repealing section 184 * *" of the act of 1872.

The title of the Jones-Munger law is lengthy, but in substance it was "An act to repeal sections [designating them by number], Article 9, Chapter 59, of the Revised Statutes of Missouri, 1929, entitled 'Taxation and Revenue,'" and to enact new sections pertaining to the same subject matter in lieu of the repealed sections, designating the new sections by number, et cetera, and stating the subject matter of the substituted sections. The Jones-Munger law repealed, among others, §§ 9952, 9953, 9954, 9955, 9956, 9957, 9958, 9960, 9962 and 9963, R. S. 1929, enacting fifty-one new sections in lieu thereof; but it did not repeal § 9964, R. S. 1929, which was § 222 of the act of 1872 (§ 11177, R. S. 1939). It enacted the substance of the provisions of the revenue act of 1872 (repealed by the revenue act of 1877) to which said § 222 applied.

The provisions of § 222 do not restrict its application to the act of 1872. Its plain and unambiguous terms precluded its application to the act of 1877. Keaton v. Hamilton, 264 Mo. 564, 577 (IV), 175 S. W. 967, 970[4]. To that extent it became *functus officio*, as stated in Gulley v. Waggoner, 255 Mo. 613, 625, 164 S. W. 557, 560. The holdings, contradistinguished from observations arguendo, go no farther. It functioned to uphold the three-year limitation charter provision of Kansas City under a scheme for the collection of delinquent city real estate taxes (Kansas City Charter and Ordinances, 1898, p. 98, § 60) similar to that of the act of 1872 as held in Meriwether v. Overly, 228 Mo. 218, 229 (I), 129 S. W. 1, 4[1]. See also Roach v. Landis, Mo. App., 1 S. W. 2d 203, 205[6] and cases cited.

Section 222 (§ 9964, R. S. 1929) was an existing statute at the time of the enactment of the Jones-Munger law. Its provisions are applicable to the Jones-Munger law, as they were applicable to the act of 1872. By permitting said § 9964 to stand while enacting legislation affecting many statutes relating to the collection of delinquent real estate taxes by fitting the new statutes into the framework of the existing statutes, we think the Legislature considered this special statute of limitations in force and effect and its provisions, appropriate as they are to the new legislation, applicable thereto. It was so considered in 1942 in Bussen Realty Co. v. Benson, 349 Mo. 58, 159 S. W. 2d 813, and no steps have been taken by the General Assembly to affect this view of the law.

We conclude our prior observations and holding (see the cases first cited herein) are correct.

■ An issue not presented by the litigants is: Does the ruling on the special motions to dismiss dispose of all the issues raised in plaintiffs' petition? Under § 140(c) and § 10(b) of the New Civil Code (Laws 1943, pp. 395, 359; Mo. R. S. A., §§ 847.140(c), 10(b)) and Supreme Court Rule 3.27 (352 Mo. Appendix xv) the appellate courts may give such judgment as the trial court should have given, and plain errors affecting substantial rights may be considered on appeal although not ■ preserved for review. See Carr, Missouri Civil Procedure, §§ 1213, 853. The mentioned issue was not presented to or discussed in Granger v. Barber, 361 Mo. 716, 236 S. W. 2d 293, and that case does not undertake to rule thereon.

■ As indicated in the first paragraph of this opinion plaintiffs sought, under appropriate allegations, (1) to have the court ascertain and determine the title of the parties to the suit in the real estate described in their petition; (2) to have certain tax deeds and leases executed by the tax sale purchaser covering said real estate declared null and void and cancelled; (3) to have plaintiffs adjudged entitled to the possession of and defendants required to surrender the possession of said real estate; and (4) to have damages awarded in the amounts claimed against defendants, respectively, as well as monthly rentals on the real estate as claimed in said petition.

Section 1684, R. S. 1939, applies to actions to quiet title and provides, briefly stated, that any person claiming any title, estate or interest in real property may institute an action against any person claiming any title, estate or interest in such property "to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property." Said statute also authorizes, when asked in the quiet title suit, a final determination of all rights, claims, interest, liens and demands, whatsoever of the parties, affecting said real property as fully as the court might or could determine in any other action brought by the parties.

We have stated in suits under said § 1684 that a party setting up title in himself, as here, is entitled to an adjudication of his existing title, and if he have no title the court should so adjudge or decree. Armor v. Frey, 226 Mo. 646, 664, 126 S. W. 483, 487. Richards v. Northwestern Coal & Mining Co., 221 Mo. 149, 154, 173, 119 S. W. 953, 960, involved the title to coal underlying certain land and the judgment that neither plaintiff nor defendant had any title in and to the coal was sustained against attack. See, among others, White v. Kentling, 345 Mo. 526, 536, 134 S. W. 2d 39, 45; Boatmen's Nat. Bk. v. Rogers, 352 Mo. 763, 769[1, 2], 179 S. W. 2d 102, 105[1, 3]; Autenrieth v. Bartley, 238 Mo. App. 55, 62, 176 S. W. 2d 546, 550[1-7].

Plaintiffs may be able to establish title notwithstanding the tax deeds to defendant city. Again, the practical result may not be

changed. Their petition was in one count. A separation of plaintiffs' claims into different counts might have tended to clarify the issues. Our holding that the three year limitation of § 11177, R. S. 1939, is applicable to suits involving the cancellation of tax deeds issued under the Jones-Munger law sustains the special motions to dismiss insofar as plaintiffs' petition seeks the cancellation of said tax deeds. It does not necessarily determine under the record before us the other issues presented and which plaintiffs are entitled to have adjudicated under the other allegations and prayer of their petition.

Accordingly, the judgment dismissing plaintiffs' petition with prejudice is reversed and the cause remanded with directions to hold the ruling on the special motions to dismiss in abeyance until the other issues presented in plaintiffs' petition be submitted for final adjudication and judgment. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.