Hermine SEISER, Plaintiff-Respondent,

v.

G. E. MAGGARD, Defendant-Appellant.

No. 54309.

Supreme Court of Missouri, Division No. 2.

Sept. 14, 1970.

No appearance for plaintiff-respondent.

Winston V. Buford, Eminence, Charles B. Blackmar, St. Louis, for defendant-appellant.

ROBERT G. J. HOESTER, Special Judge.

Plaintiff in a three-paragraph petition to quiet title alleged ownership in certain legally described real estate. In paragraph two, plaintiff alleged: "Defendant claims some right, title, or interest in said premises, adverse to Plaintiff, the precise nature and character of which is to Plaintiff unknown and for that reason cannot be more particularly described herein."

Defendant's unusual answer denies paragraph 2 of plaintiff's petition; defendant also denies paragraphs 1 and 3 and denies each and every other allegation contained in plaintiff's petition.

Defendant filed a two-paragraph counterclaim alleging superior right, title and interest in said property described in plaintiff's petition. Defendant further alleges in paragraph two: "That the defendant has superior right, title, and interest by operation of law, conveyance, adverse interests, and any and all other methods of acquiring

property under the laws of the State of Missouri and the Common Law and under all other methods of acquiring and ownership of land."

To this all encompassing counterclaim, a motion to strike was filed. The motion to strike the counterclaim was sustained and thereafter the judge who struck the counterclaim was disqualified. A new judge was brought in to try the case upon the petition and answer heretofore set out. At the trial, plaintiff's predecessor in title testified:

"Q. In other words, approximately how many acres of the land that is in dispute here today was under your outside fence with the remainder of your two hundred acres?

"A. Well, that was something that I never knew. *I didn't know where the line was.*"

Plaintiff on several occasions answered questions in the following manner:

"A. Because I didn't know exactly where the line was.

"A. Because I wanted to establish that line before I started doing that.

"A. Because I wanted to find out where the line was so I wouldn't be in somebody else's property."

The question of fences was of no help because this area is open range.

Plaintiff's Exhibit "B" was an abstract of title dating back to the original U.S. Patent and it was received in evidence over the objection of the defendant.

Plaintiff rested her case and defendant's first witness, after giving his name and address, was prevented from testifying further when plaintiff's counsel objected on the ground that any evidence would be outside the pleadings in the case, inasmuch as the defendant in his answer denied all the allegations of plaintiff's petition which included the denial that defendant had any interest in the land in question. The Court

sustained the objection and defendant was not permitted to present any evidence.

The Court thereafter entered an order in favor of plaintiff, stating that plaintiff was vested with the fee simple title to the real estate described in the petition.

Appellant claims error in the striking of his counterclaim, and in preventing the defendant from introducing evidence and claims error in that plaintiff's evidence fails to support the judgment as to title.

Respondent neither filed a brief nor appeared for oral argument.

▮ The counterclaim stated a cause of action. Baker v. Lamar, Mo.Sup., 140 S.W.2d 31. The defendant claimed superior right, title and interest in the same property described in plaintiff's petition for quiet title. This Court has held that where a party sets up title in himself he is entitled to an adjudication of his existing title; and if he had no title, the Court should so adjudge or decree. Pettus v. City of St. Louis, 362 Mo. 603, 242 S.W.2d 723. This applies to defendants who may counterclaim or cross claim. If defendant sets up title in herself in her cross action, she is entitled to an adjudication of her existing title and if she has no title, the Court shall so adjudge or decree. Ridenour v. Duncan, Mo.Sup., 246 S.W.2d 765. Deeds v. Foster, Mo.Sup., 235 S.W.2d 262. The defendant's counterclaim may have been inconsistent with the answer defendant filed; however, defendant is not required to rely upon plaintiff's statement in plaintiff's petition to state a cause of action for defendant; the defendant may state his own claim, in his own words, in his counterclaim. This Court has ruled that under present day practice and pleading, regardless of consistency, a party may set forth his claim. Boyd v. Margolin, Mo. Sup., 421 S.W.2d 761, Civil Rules 55.06 and 55.12, V.A.M.R. It was error for the Court to strike the defendant's counterclaim.

▮ We do not rule on the evidentiary questions presented by the appeal since we have reversed on other grounds. However, abstracts of title are not admissible except under limited circumstances and the ultimate issue of the property lines may depend upon a survey.

The cause is reversed and remanded for a new trial.

MORGAN, Acting P. J., and FINCH, J., concur.

DONNELLY, P. J., not sitting.