**Herbert Austin PARHAM, Respondent,**

v.

**Earl Frances CHANDLER and Virgie M. Chandler, Appellants.**

**No. 55568.**

Supreme Court of Missouri, Division No. 2.

Sept. 13, 1971.

Carstarphen, Harvey & Wasinger, Hannibal, for respondent.

William B. Spaun, Hannibal, for appellants.

STOCKARD, Commissioner.

Defendants have appealed from the judgment of the trial court in this nonjury case in which title to certain described land was quieted in plaintiff. We deem it essential to set forth portions of the pleadings, and also the judgment from which this appeal is taken.

Plaintiff alleged in paragraph 1 of his petition that he was the owner of (1) a part of the South Half of the Southwest Quarter of Section 26, Township 56, Range 4, consisting of 60 acres, and (2) a tract of land consisting of 70 acres which was a part of the Northwest Quarter of Section 35, "Except twelve acres in the Northeast corner" which was then described by metes

and bounds. Plaintiff also alleged that "the twelve acre tract excepted in the description above is the property of defendants Earl Frances Chandler and Virgie M. Chandler." The prayer was that the court try and determine "the estate, title, and interest of the parties, plaintiff and defendants herein, severally in and to the above described real estate, and to define and adjudge by its judgment and decree that the plaintiff is the fee simple owner of, in and to said real estate, * * *; and that the defendants * * * have [not?] any right, title or interest in and to such real estate, and that they be forever enjoined and restrained from asserting, claiming, or setting up any right, title or interest in and to said real estate; * * *."

In view of the disclaimer by plaintiff of any claim to the 12-acre tract, and the allegation that said tract is the property of defendants, the prayer that the court decree title "to said real estate" in plaintiff, and that the defendants be restrained from asserting title "to said real estate" necessarily referred only to the 60 and 70 acre tracts.

Defendants' answer was that they had insufficient knowledge to admit or deny the allegations of paragraph 1 of the petition, "except that they are the owners of the following described real estate." There then was set out the identical description by metes and bounds of the 12-acre tract as described in paragraph 1 of the petition. It was further alleged that "there is a well established fence line between the premises claimed by the plaintiff and that owned by these defendants, which has been so established for more than twenty years," and that defendants have held open, notorious and adverse possession of "said premises as above. described and extending to the said established fence line between the property of the plaintiff and defendants." Defendants disclaimed any interest in any of the land described in plaintiff's petition except the 12-acre tract, and the claim to that tract was alleged to be based on adverse possession. The prayer was that the court determine the title "to the above described real estate," and to decree that defendants are the owners of the "above described real estate extending to the established fence between plaintiff and these defendants."

The judgment of the trial court, in its parts here material, is as follows:

"Wherefore, it is considered, ordered, adjudged and decreed by the Court that defendants * * * are barred of all action for the recovery of and title in and to the following described real estate, and every part thereof;

"That part of the South one-half of the Southwest Quarter of Section twenty-six * * * containing 60 acres * * *. Also, seventy (70) acres, being that part of the Northwest Quarter of Section thirty-five * * * except twelve (12) acres in the Northeast corner * * * described as follows: [there then follows the precise description by metes and bounds as set forth in paragraph 1 of the petition and in the answer], and that plaintiff is the owner of and in possession of said land with fee simple title * * *."

By their answer title to the 12-acre tract was claimed by defendants by reason of adverse possession, and by plaintiff's petition title was conceded to be in defendants. At the trial the oral testimony, for the most part, was directed to the issue of whether defendants' possession of the 12-acre tract was adverse or with permission. If the parties, or at least the plaintiff, intended that the pleadings be considered to have been amended to conform to the proof, there is no such statement in the record, and in any event the trial court did not decree title to the 12-acre tract to be or not to be in either of the parties. The briefs on this appeal are directed solely to the issue of adverse possession by defendants of the 12-acre tract.

In Seiser v. Maggard, Mo., 457 S.W.2d 678, it is stated that a party who sets up title in himself is entitled to an adjudication of his title, and if he has no title

the court should so decree. This applies to a defendant who seeks the adjudication by either counterclaim or cross-claim. However, there has been no adjudication by the trial court of the title to the 12-acre tract.

The judgment is reversed and the cause remanded for further proceedings.

BARRETT, C., not sitting.

PRITCHARD, C., concurs.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

MORGAN, P. J., DONNELLY, J., and HENLEY, Alt. J., concur.

FINCH, J., not sitting.